People v M.C. (2025 NY Slip Op 51296(U))

[*1]

People v M.C.

2025 NY Slip Op 51296(U)

Decided on August 22, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 22, 2025
Youth Part, Erie County

The People of the State of New York

against
M.C. AO.

Docket No. FYC-72491-25/001

Taylor Yensan, Esq. (Assistant District Attorney)
Michael Cimasi, Esq. (for Principal M.C.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Taylor Yensan, Esq. (Assistant District Attorney), dated August 8, 2025; responsive papers dated August 14, 2025 having been filed by Michael C. Cimasi, Esq. on behalf of AO M.C.; the ADA having reserved the right to a hearing on the facts alleged in support of the People's Motion; and due deliberation having been had, the Court finds the following:
Procedural History
AO M.C. is charged under FYC-72491-25/001 with one count of Criminal Possession of Stolen Property in the Third Degree, a class D felony, contrary to PL § 165.50.
On July 9, 2025, AO M.C. was arraigned by Accessible Magistrate Wanat. AO M.C. was remanded, and an appearance was scheduled in Youth Part at 9:00am later that day.
Later on July 9, 2025, this Court released AO M.C. on RUS with conditions and a curfew imposed.
On July 21, 2025, AO M.C. had a further proceedings appearance where it was determined that this matter does not qualify for a six-day reading under CPL § 722.23(2)(a). The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. The Court set the following motion schedule: the People's motion was due by August 8, 2025; Defendant's responsive papers were due by August [*2]15, 2025, and a decision on motion was scheduled on August 22, 2025.

Findings of Fact
It is alleged that on July 8, 2025, at 11:00 PM, a Cheektowaga Police Officer on patrol duty observed a Gray Nissan Altima drive past. Upon a DMV check, this Officer confirmed the Nissan Altima was a stolen vehicle, and the Officer initiated a traffic stop by activating his lights and sirens. The Nissan Altima accelerated speed, and the Officer began pursuit of the Altima. The Altima then turned into a parking lot and the Officer observed the Altima strike two (2) unoccupied, parked school buses. Upon striking the vehicles, the Officer observed the occupants of the Altima exit and flee the scene. After a short pursuit, all vehicle occupants were detained. One of the passengers of the vehicle was identified as AO M.C.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors". NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
The People raise such aggravating factors as the youth failing to take any accountability for his actions. Further, the People state that AO M.C.'s actions were cruel and heinous. Defense counsel for AO M.C. states that his client was not the driver of the vehicle, and there are no allegations that AO M.C. had anything to do with stealing the vehicle or the vehicle fleeing the scene. Defense counsel states that these mitigating factors, as well as the People's inability to prove "extraordinary circumstances" in this matter, require this matter to be removed to Family Court. This Court agrees.
The People did not meet the high standard of extraordinary circumstances in this case. It is alleged that AO M.C. was a passenger in a stolen vehicle. The facts here are not highly unusual or heinous. AO M.C. did not brandish a weapon. AO M.C. was not alleged to be the driver of the vehicle. It is not alleged that AO M.C. lead other individuals in the commission of this crime. Although two vehicles were struck and damaged, luckily, no one was injured. AO M.C. does not have a history in Youth Part. The People have not met their burden of proving that AO M.C. will not be amenable to or would not benefit in any way from the heightened services of Family Court. See, People v J.P., 80 Misc 3d 1205[A] (Youth Part, Erie County, 2023).
After examining all the circumstances of this case and this youth, this Court finds that extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. This is not the rare case that should remain in Youth Part. The People did not meet their burden [*3]to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN